**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KAMEL B. JONES JR.,
Plaintiff,
v.
DEPARTMENT OF THE ARMY,
Defendant.

Case No.: 26-cv-00595-DMS-DEB

**ORDER**
**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**
**(2) SCREENING COMPLAINT;**
**(3) GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS; AND**
**(4) GRANTING MOTION TO SEAL**

On January 30, 2026, Plaintiff Kamel B. Jones Jr., proceeding *pro se*, filed this action against the Department of the Army ("the Army"). (ECF No. 1 at 1). Plaintiff shortly thereafter filed a "Corrected Petition" which the Court construes as the operative Complaint. (Compl., ECF No. 4). Plaintiff brings claims under the Administrative Procedure Act ("APA") and seeks an order compelling the Army to issue a decision resolving his military discharge status. (*Id.* at 2); 5 U.S.C. §§ 701–706. Plaintiff has filed a Motion to Proceed In Forma Pauperis ("*IFP* Motion"), a Motion for Leave to Electronically File Documents ("Filing Motion"), and a Motion to Seal Exhibits B and E ("Sealing Motion"). (*IFP* Mot., ECF No. 2; Filing Mot., ECF No. 3; Sealing Mot., ECF

No. 7).[1] For the following reasons, the Court grants Plaintiff's *IFP* Motion, screens the Complaint, grants the Filing Motion, and grants the Sealing Motion.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee of $405. 28 U.S.C. § 1914(a)–(b).[2] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (*IFP* Mot. 1). Plaintiff reports that his average monthly income is $1,468 from employment and public assistance. (*Id.* at 1–2). Plaintiff states that he has $65 in cash, $1.53 in two bank accounts, a 2021 Kia, and no other assets. (*Id.* at 2–3). Plaintiff itemizes monthly expenses totaling $2,613.98. (*Id.* at 4–5). Plaintiff further states that his unresolved military status has made it difficult to obtain employment or benefits, leading to the depletion of savings and accumulation of debt. (*Id.* at 5). The Court finds that Plaintiff has sufficiently demonstrated that he cannot "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court grants Plaintiff's *IFP* Motion.

---

[1] The captions for ECF Nos. 5 and 7 appear to have been transposed. Accordingly, the Court refers to each by its substance.

[2] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

## II. *SUA SPONTE* SCREENING

### A. Background

Plaintiff alleges that he is a current or former U.S. Army service member residing in Oceanside, California. (Compl. 3). In April 2025, Plaintiff alleges that he alerted senior leadership within the U.S. Army Recruiting Command ("USAREC") of legal issues affecting his enlistment, which the Commanding General acknowledged. (*Id.* at 4). In May 2025, Plaintiff alleges that his recruiting company commander confirmed in writing that Plaintiff's enlistment issues were temporary and contingent on the resolution of the pending criminal case against him. (*Id.*). In that same correspondence, the commander listed a discharge date of May 1, 2025. (*Id.*). Plaintiff alleges that the Army has since issued two discharge orders, one on May 12, 2025 and one on September 11, 2025, both with a retroactive discharge date of April 29, 2025. (*Id.*). However, the Department of Defense systems allegedly reflect a period of active-duty service from July 14, 2025 through October 3, 2025. (*Id.* at 5). On October 15, 2025, Plaintiff alleges that he submitted a formal request to his recruiting commanding officers, asking for an official determination or correction of his military status. (*Id.*). On November 20, 2025, Plaintiff allegedly sought the assistance of his congressional representative. (*Id.*). In December 2025, Plaintiff allegedly contacted the Brigadier General in his reserve unit, who confirmed that his materials had been sent to USAREC. (*Id.*). Around this time, Plaintiff alleges that he contacted Army Human Resources Command which suggested he reach out to the Readiness Division but that the Division did not respond. (*Id.*). On January 12 and 23, 2026, congressional staff informed Plaintiff that they had not received a response from the Army. (*Id.*). On January 21, 2026, the Army Inspector General allegedly acknowledged Plaintiff's complaint but declined to investigate and directed Plaintiff to file an appeal with the Army Review Boards Agency or Defense Finance and Accounting Service. (*Id.*). On January 29, 2026, the Army Human Resources Command responded to a comment card

from Plaintiff by recommending he raise the issue through his chain of command or the Tennessee Army National Guard. (*Id.*).

On January 30, 2026, Plaintiff filed this action with his *IFP* Motion and Filing Motion. (ECF Nos. 1, 2, 3). On February 2, 2026, Plaintiff filed a "Corrected Petition" which the Court construes as the operative Complaint. (ECF No. 4). On February 17, 2026, Plaintiff filed his Sealing Motion and lodged exhibits, as well as a Notice of Supplemental Evidence. (ECF Nos. 5, 6, 7). Plaintiff brings claims under the APA, alleging that agency action was unlawfully withheld and unreasonably delayed, making it difficult for him to access employment or benefits. (Compl. 8). Plaintiff requests an order compelling the Army to take discrete action to resolve his military discharge status within a reasonable time not to exceed thirty days. (*Id.* at 12).

**B. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most

favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**C. Discussion**

The Court now examines the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief. As Plaintiff proceeds *pro se*, the Court construes the filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation modified)).

Plaintiff alleges that the Army's failure to act upon his request amounts to "agency action unlawfully withheld or unreasonably delayed" under the APA. § 706(1); (*see* Sealing Mot. 5 ("Until the Army (via USAREC) issues a decision on my October 15, 2025 request, I have no '*final decision*' to appeal to the Board.")). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Plaintiff plausibly alleges the discrete action condition because he is asking the Army to adjudicate a single, identifiable request rather than bringing a "broad programmatic attack," which is not an "agency action" at all. *Id.* Plaintiff plausibly alleges the required action condition because "there is no dispute the APA requires government agencies to conclude matters presented to them." *Aldurra v. U.S. Dep't of State*, No. 25cv1322 DMS (DEB), 2026 WL 63471, at *2 (S.D. Cal. Jan. 8, 2026) (citing 5 U.S.C. § 555(b)); *cf. In re A Cmty. Voice*, 878 F.3d 779, 784–85 (9th Cir. 2017) (finding that § 555(b) required the EPA "to reach some final decision" on an accepted petition because "an agency cannot simply refuse to exercise its discretion to conclude a matter" (citation modified)).

Furthermore, Plaintiff has plausibly alleged that the Army has unlawfully withheld or unreasonably delayed agency action. Unlawful withholding of agency action is a "situation where a federal agency refuses to act in disregard of its legal duty to act." *Viet. Veterans of Am. v. CIA*, 811 F.3d 1068, 1079 (9th Cir. 2016) (citation modified). "If an agency withholds a required action, it violates § 706(1) regardless of its reason for doing so." *Al Otro Lado v. Exec. Off. for Immigr. Rev.*, 138 F.4th 1102, 1121 (9th Cir. 2025), *rev'd on other grounds sub nom. Mullin v. Al Otro Lado*, 146 S. Ct. 2079 (2026). By contrast, any delay in agency action "violates § 706(1) only if the delay is unreasonable." *Id.* (citation modified). In determining whether a delay is unreasonable, courts "look to the so-called *TRAC* factors." *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (citing *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)); *see Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022).[3] Plaintiff alleges that the Army has directed him to the USAREC, Human Resources Command, Readiness Division, Inspector General, Army Review Boards Agency, and Defense Finance and Accounting Service but that a final decision has not resulted. (Compl. 6). This is sufficient to plausibly allege that the Army is refusing to act in violation of an obligation. *See Al Otro Lado*, 138 F.4th at 1122 ("When an action is delayed, one expects that, with the passage of time (maybe even an unreasonable amount of time), the action eventually will be completed. By contrast, when an action has been withheld, no amount of waiting can be expected to change the situation."). Plaintiff further alleges facts bearing on the reasonableness of the delay such as the length of time he has been waiting, the efforts he has made, and the harm he has

---

[3] The *TRAC* factors are "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Indep. Min. Co.*, 105 F.3d at 507 n.7 (citation modified).

suffered. Taking these allegations as true, Plaintiff's Complaint is sufficiently plead "to warrant ordering [Defendant] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012).[4]

## III. MOTION FOR LEAVE TO ELECTRONICALLY FILE

Plaintiff moves for leave to electronically file documents in this matter. (ECF No. 3). Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." CivLR 5.4(a). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies" in the manual. S.D. Cal. Electronic Case Filing Administrative Policies and Procedures Manual § 2(b). Here, Plaintiff has filed the form motion and fulfilled all requirements. *See Representing Yourself in Federal Court (Pro Se)*, U.S. Dist. Ct. S. Dist. of Cal., https://www.casd.uscourts.gov/Prose/Prose-FilingInfo.aspx (listing requirements). Accordingly, the Court grants Plaintiff's motion. Plaintiff must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days of the date of this Order.

## IV. MOTION TO SEAL

Plaintiff moves to seal Exhibits B and E to the original complaint because he inadvertently filed them in unredacted form and they contain sensitive information such as his full Social Security number. (Sealing Mot. 2; *see* ECF No. 1-2). Plaintiff requests permission to subsequently file "corrected, redacted versions." (*Id.*). Under Rule 5.2, a filing "that contains an individual's social-security number . . . may include only . . . the last four digits of the social-security number." Fed. R. Civ. P. 5.2(a). This Rule allows a court to "order that a filing be made under seal without redaction." *Id.* at (d). Although

[4] In finding that Plaintiff's claims are sufficiently plead to survive screening, the Court does not make a determination on the impact, if any, of the *Mindes* doctrine on this action. *See Kuang v. U.S. Dep't of Def.*, 778 F. App'x 418, 420–21 (9th Cir. 2019) (citing *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971)).

there is "a strong presumption in favor of access to court records," a party may overcome that presumption by demonstrating "sufficiently compelling reasons for keeping a document under seal." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 747 F. App'x 463, 465 (9th Cir. 2018) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)). Here, the risk of identity theft presents a compelling reason, as reflected by Rule 5.2. Furthermore, the sealing is narrowly tailored as Plaintiff intends to file redacted versions. *See Foltz*, 331 F.3d at 1137 ("[T]he limited number of third-party medical and personnel records can be redacted easily to protect third-party privacy interests while leaving other meaningful information."). Accordingly, Plaintiff's Sealing Motion is granted.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's *IFP* Motion, finds that the Complaint survives § 1915(e)(2) screening, **GRANTS** Plaintiff's Filing Motion, and **GRANTS** Plaintiff's Sealing Motion. As discussed in this Order, Plaintiff must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days of the date of this Order. The Clerk of Court is **ORDERED** to seal ECF No. 1-2. Within twenty-one (21) days of the date of this Order, Plaintiff must refile Exhibits A through N with Exhibits B and E redacted in compliance with Rule 5.2(a).

The Court additionally **ORDERS**:

1. The Clerk of Court shall issue a summons and forward it to Plaintiff with a blank U.S. Marshal Form 285, a certified copy of the operative complaint (ECF No. 4), and a certified copy of this Order. Plaintiff must fill out U.S. Marshal Form 285 as completely and accurately as possible with the address where Defendant may be found or subject to service. *See* CivLR 4.1c. Plaintiff must then return the form to the U.S. Marshal pursuant to the Clerk's instructions.
2. The U.S. Marshal shall serve a copy of the operative complaint (ECF No. 4),

summons, and this Order upon Defendant in the manner prescribed by Federal Rule of Civil Procedure 4(i), as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or counsel for Defendant and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated: August 24, 2026



Hon. Dana M. Sabraw
United States District Judge